UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas Baltrusaitis, *et al.*,

                Plaintiffs,

v.

International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, *et al.*,

                Defendants.

_____/

Case No. 23-cv-10861

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [39, 80, 81, 83]**

Before the Court are Motions to Dismiss from Defendants Alphons Iacobelli, (ECF No. 39), International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"), (ECF No. 80), and FCA US, LLC ("FCA"), (ECF No. 81). Defendant Virdell King filed a Notice of Joinder in UAW and FCA's Motions to Dismiss. (ECF No. 83, PageID.1048 (requesting "the Court to accept her concurrence as to co-defendants' legal arguments and relief requested, and . . . that this Notice be in lieu of filing responsive pleadings . . .").)

Plaintiffs originally filed this case in Oakland County Circuit Court, alleging fraud, breach of fiduciary duty, and civil conspiracy claims. (ECF No. 1, PageID.12, 51–60). The UAW removed the case to the United States District Court for the Eastern District of Michigan. (ECF No. 1.) Plaintiffs moved to remand the case to state court. (ECF No. 40.) After the issue was fully briefed, (ECF Nos. 46, 48, 49, 52, 53, 54), the Court denied Plaintiffs' Motion to Remand. (ECF No. 55.) The Court held that Plaintiffs' claims were "preempted under § 301 of the Labor Management Relations Act, and because plaintiffs have offered no viable exceptions to that preemption, removal was proper." (*Id.* at PageID.865.)

Plaintiffs appeared in federal court in relation to these issues in a separate case. *Baltrusaitis v. Int'l Union United Auto., Aerospace and Agric. Implement Workers of Am.*, 86 F.4th 1168 (6th Cir. 2023) ("*Baltrusaitis I*"). The Sixth Circuit affirmed the dismissal of the complaint in that case, in part because "plaintiffs' . . . claims [under Section 301 of the Labor Management Relations Act] were barred by the six-month statute of limitations." *Id.* at 1176.

Plaintiffs, in their Amended Response to Motions to Dismiss state:

> While Plaintiffs disagree with this Court's prior ruling that the state-law claims are preempted (and preserve that issue

2

> for appeal), Plaintiffs acknowledge that the Court's conclusion that Plaintiffs' claims are preempted by Section 301, combined with the Sixth Circuit decision in *Baltrusaitis I* declaring that Plaintiffs' federal Section 301 claims as originally filed were beyond the statute of limitations, requires the Court to grant the pending motions to dismiss and enter judgment in favor of the Defendants.

(ECF No. 91, PageID.1071–1072.) The Court indeed must grant these Motions to Dismiss. Previous rulings render Plaintiffs' claims preempted and subject to a statute of limitations that has already run. *See* (ECF No. 55, PageID.865); *Baltrusaitis I*, 86 F.4th at 1176. Accordingly, Plaintiffs' claims cannot proceed against these Defendants and the Motions to Dismiss are granted.

For the reasons set forth above, the Motions to Dismiss are **GRANTED** with respect to Defendants Alphons Iacobelli, UAW, FCA, and Virdell King. (ECF Nos. 39, 80, 81, 83.)

IT IS SO ORDERED.

Dated: February 26, 2024        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                     United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2024.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager